# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JACQUELINE JOHNSON, individually
and as a representative of the class,

    Plaintiff,

v.

CASEY'S MARKETING COMPANY,
CASEY'S RETAIL COMPANY,

    Defendants.

Civil Action No. 6:15-cv-03086-MDH

**FINAL APPROVAL ORDER AND JUDGMENT**

Based on the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, the Final Fairness Hearing, and good cause shown, **IT IS HEREBY ORDERED**:

1. The Settlement Agreement, including its exhibits (hereinafter collectively referred to as the "Settlement Agreement"), and the definition of terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this Action and over the parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons on whom Casey's procured a background check from February 24, 2013 to July 15, 2015 using a disclosure form the same or substantially similar to that signed by the Named Plaintiff, but not any individuals who timely file a valid written notice of intent to opt-out of the settlement.

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among Plaintiff, Class Counsel and Casey's.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Paragraphs 39-44 of the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in Paragraphs 29, 39-44 of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

6. This Court hereby finds and concludes that the notice provided by Casey's to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the settlement contemplated thereby, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

9. The Court hereby approves Class Counsel's application for $166,666.00 in attorneys' fees, $13,334.58 in costs, $28,759.42 in reimbursement for Settlement Administration expenses, and $7,500.00 for a Service Payment to the Named Plaintiff.

10. This Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

11. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class. The Clerk of the Court is directed to enter this Order on the docket forthwith.

**IT IS SO ORDERED.**

Dated: March 3, 2016                  __*s/ Douglas Harpool*_____
                                                                          Hon. Douglas Harpool
                                                                          United States District Judge